UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 23 2005

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

| | |
|---|---|
| LINDA D. DEATON,<br><br>  Plaintiff - Appellant,<br><br>V.<br><br>CHEVY CHASE BANK, a corporation; et al.,<br><br>  Defendants - Appellees. | No. 03-16440<br>D.C. No. CV-01-00352-SPK/BMK<br><br>**JUDGMENT** |
| LINDA D. DEATON,<br><br>  Plaintiff - Appellant,<br><br>V.<br><br>CHEVY CHASE BANK, a corporation; et al.,<br><br>  Defendants - Appellees. | No. 03-16584<br>D.C. No. CV-01-00352-SPK/BMK<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **REVERSED and REMANDED**.

Filed and entered 11/28/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 20 2005

by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 28 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA D. DEATON,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CHEVY CHASE BANK, a corporation; BANK ONE; JANE DOES 1-10; JOHN DOES 1-10; DOE CORPORATION 1-10; GOVERNMENTAL ENTITIES 1-10; JOHN DOES 1-5; JOHN DOE CORPORATIONS 1-5; JOHN DOE PARTNERSHIPS 1-5; ROE NON-PROFIT CORPORATIONS 1-5; ROE GOVERNMENTAL AGENCIES 1-5,<br><br>    Defendants - Appellees. | No. 03-16440<br><br>D.C. No.<br>CV-01-00352-SPK/BMK<br><br>MEMORANDUM* |
| LINDA D. DEATON,<br><br>    Plaintiff - Appellant,<br><br>v. | No. 03-16584<br><br>D.C. No.<br>CV-01-00352-SPK/BMK |

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

# I

We review de novo a motion for judgment as a matter of law. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1036 (9th Cir. 2003), *cert. denied*, 540 U.S. 1160 (2004). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's." *Id.* (internal quotation marks omitted).

The parties are generally familiar with the facts asserted by Deaton in support of her claims and we need not repeat them here. As an initial matter, the Banks argue that the jury verdict was correct because Deaton failed to file her claims within one year of the original billing error as required for claims under the Fair Credit Billing Act, 15 U.S.C. § 1666 (2000), and the Truth in Lending Act, 15 U.S.C. § 1640(e) (1994). Deaton brings her claims pursuant to the Fair Credit Reporting Act and not the Fair Credit Billing Act. The Banks provide no authority for applying the statute of limitations of the Fair Credit Billing Act to Deaton's Fair Credit Reporting Act claims,[1] and we decline to create such a rule.

---

[1] The cases cited by the Banks deal only with the Fair Credit Billing Act, not the Fair Credit Reporting Act nor the relationship between the two statutes.

3

Deaton alleges the Banks violated § 1681s-2(b) of the Fair Credit Reporting Act by failing to investigate erroneous charges placed on her credit card. For these claims to be timely, Deaton must have filed her complaint "within two years from the date on which the liability ar[ose]." 15 U.S.C. § 1681p (2002). The Banks' duty to investigate under the Fair Credit Reporting Act is triggered when, after the consumer notifies the credit reporting agency of the dispute, the credit reporting agency notifies the Banks. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). The Banks' liability could not have arisen until they were notified and their duties under the act were triggered.

Deaton notified the Credit Bureau of the Pacific (CBP) of the dispute on or about August 13, 1999; Deaton notified Equifax and TransUnion of the dispute on or about January 27, 2002. These dates are the earliest dates on which the Banks' duty to act could have been triggered and are the earliest dates on which the two year statute of limitations for failing to comply with that duty could have begun to run. Deaton filed her initial complaint for the Banks' failure to investigate following her report to CBP on May 25, 2001 and supplemented her complaint to include the Banks' failure to investigate following her reports to Equifax and

4

TransUnion on July 9, 2002.[2] Deaton's claims were timely.

**B**

The Banks also argue that Deaton cannot prevail on the merits because they never received notice sufficient to trigger their duties under the Fair Credit Reporting Act. The jury did not reach the merits because it found Deaton's claims were time-barred. The case must be remanded to the district court for a determination on the merits.

**II**

We review de novo the grant of summary judgment. *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 746 (9th Cir. 2003) (en banc). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* "Here, the facts underlying the district court's conclusion . . . are not in dispute; therefore, the only question we must determine is whether the district court correctly applied the law." *Id.* (internal quotation marks omitted).

---

[2] The District Court later struck Deaton's Supplemental Complaint and granted her leave to refile. She filed her Amended First Supplemental Complaint on December 6, 2002. This date still places her well within the two-year statute of limitations.

Deaton argues the Banks violated Hawaii Revised Statute § 480-2(a) by erroneously charging her credit card account. The limitations period for this claim is four years after the cause of action accrues; however, "a continuing violation is deemed to accrue at any time during the period of the violation." HAW. REV. STAT. § 480-24(a). The Banks allegedly committed the error in January of 1994; Deaton amended her complaint to include the claim under § 480-2 on July 9, 2002.[3] Deaton argues she nonetheless brought the claim within the statute of limitations because the Banks' failure to correct the error and continued attempts to collect on the charge constitute a "continuing violation." Hawaii has not extended the continuing violation doctrine to include the activities Deaton alleges. The district court correctly ruled that her claims under Hawaii Revised Statute § 480-2 were time-barred.

The summary judgment order did not reach the issue of preemption. The district court, in the first instance, is the proper forum in which to consider whether and to what extent preemption applies.

**REVERSED AND REMANDED.**

---

[3] Again, the fact that the District Court struck Deaton's Supplemental Complaint causing her to refile an Amended First Supplemental Complaint on December 6, 2002 does not change the analysis.

6