Of Counsel:
STANTON CLAY CHAPMAN CRUMPTON & IWAMURA

ROBERT E. CHAPMAN        #2679
rchapman@paclawteam.com
MARY MARTIN              #5475
mmartin@paclawteam.com
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone No.: (808) 535-8400
Facsimile No.: (808) 535-8444

Attorneys for Defendants
 CHEVY CHASE BANK and BANK ONE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. DEATON, | CIVIL NO. CV01-00352 SPK/BMK |
| Plaintiff, | |
| vs. | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE |
| CHEVY CHASE BANK, a corporation, BANK ONE, a corporation and JANE DOES 1-10 and JOHN DOES 1-10, DOE CORPORATION 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, | Hrg Date: May 5, 2006 Hrg Time: 10:00 a.m. Judge: Samuel P. King |
| Defendants. | Trial Date: Oct. 17, 2006 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW DEFENDANTS CHEVY CHASE BANK and BANK ONE, by and through their attorneys, Clay Chapman Crumpton Iwamura & Pulice, and hereby move, pursuant to Rules 12 and 56, FRCP, and LR. 56.1, for summary judgment, on the claims remaining in Plaintiff's Amended

Complaint, following the remand by the Ninth Circuit Court of Appeals.

The Ninth Circuit affirmed this court's order granting summary judgment on Plaintiff's HRS 480-2 claim, and the disparagement of credit claim, therefore, the only claim remaining is the Fair Credit Reporting Act ("FCRA") claim.[1] The basic fact pattern for the FCRA claim was that a credit billing error in 1993 on Plaintiff's Chevy Chase account (later First USA/Bank One) was allegedly never corrected, but instead purportedly remained on Plaintiff's credit card statement, and was written off as a bad debt in 1998; therefore affecting Plaintiff's credit. Plaintiff claimed to have initiated a correction to her credit report (not the billing error) through the FCRA in 1999, and believing that Defendants did not comply with their obligations pursuant to 15 USC §1681s-2(b), brought the instant lawsuit.

Defendants' motion for summary judgment on the FCRA claim should be granted for the following reasons, as shown at trial and supported by the testimony therefrom:

1. Plaintiff is unable to prove that she triggered the FCRA in 1999; if she did not trigger the

---

[1] See Court Docket Entry 259.

FCRA inquiry, Defendants have no liability. First, the documents subpoenaed by Plaintiff from the national credit reporting agencies do not show any inquiries made by the debtor in 1999 and directed towards defendant(s). Second, Defendants' records do not include any credit inquiries under the FCRA in 1999 as to Plaintiff's account. Third, Plaintiff's purported proof of an inquiry to a local credit reporting agency does not support any claim that the local credit reporting agency either triggered the FCRA by forwarding the inquiry to Defendants, nor does it support any damages claim, because the credit report that it provided to a mortgage loan company did not include the disparaging credit information concerning amounts written off by Defendants.

    2. Plaintiff cannot prove that the alleged credit card billing error of December 1993 was not corrected, and therefore, she cannot prove that there was any error on her credit report. Lacking any error on her credit report, there was nothing to modify or delete related to her credit report at any time, even if she had triggered the FCRA.

    3. Plaintiff cannot prove that any disparaging credit information from these Defendants on her credit report caused her any damages, for two reasons: first,

the disparaging information was never shown to any potential creditor, and second, she had substantial other disparaging items on her credit report.

4. Plaintiff was contributorily negligent, for multiple reasons, not the least of which was lending her credit card to Mr. Kamran Hariri, who had exclusive use of the card for the period from 1994 through 1998, to the extent that the credit card statements were sent to his address, not Plaintiffs; the credit card statements showed multiple notices that the payments were in arrears, but Plaintiff did nothing to contest those notices. Plaintiff's negligence was the sole cause of her credit woes.

5. Plaintiff did not take any steps under the Fair Credit Billing Act to remedy any purported errors on her credit card statement, thus waiving any claim that there was an error.

This motion is made pursuant to L.R. 56.1, and Rule 56, Federal Rules of Civil Procedure, and is based upon the attached Memorandum and concurrently filed Concise Statement of Facts, and the files and records in this case.

DATED: Honolulu, Hawaii, *March 17*, 2006.

*Mary Martin*
ROBERT E. CHAPMAN
MARY MARTIN
Attorneys for Defendants