ARNOLD T. PHILLIPS II #6640
1188 Bishop Street, Suite 3003
Honolulu, Hawaii 96813
Telephone: 808-528-3911
Facsimile: 808-528-5006
ATP@atphillips.com

Attorney for Plaintiff
LINDA D. DEATON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. DEATON,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVY CHASE BANK, a corporation, BANK ONE, a corporation, and JANE DOES 1-10 and JOHN DOES 1-10, DOE CORPORATION 1-10, and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. CV01-00352 SPK/BMK<br><br>**PLAINTIFF'S MOTION TO CONTINUE AND RESET LITIGATION DEADLINES AND TRIAL DATE; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF ARNOLD T. PHILLIPS II and CERTIFICATE OF SERVICE**<br><br>Trial Date: October 17, 2006 |

**PLAINTIFF'S MOTION TO CONTINUE AND RESET LITIGATION**

**DEADLINES AND TRIAL DATE**

COMES NOW Plaintiff LINDA D. DEATON, by and through her counsel

of record, and hereby respectfully requests this Court enter an order continuing the

litigation deadlines and trial date.

1

This motion is made pursuant to Federal Rules of Civil Procedure 7(b) and Local Rule 7.2 and is supported by the memorandum in support thereof, the Declaration of Arnold T. Phillips II, and the records and files herein.

DATED:    Honolulu, Hawaii,   April 11, 2006.

_____

Arnold T. Phillips II
Attorney for Plaintiff
LINDA D. DEATON

2

ARNOLD T. PHILLIPS II #6640
1188 Bishop Street, Suite 3003
Honolulu, Hawaii 96813
Telephone: 808-528-3911
Facsimile: 808-528-5006
ATP@atphillips.com

Attorney for Plaintiff
LINDA D. DEATON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. DEATON,<br><br>    Plaintiff,<br><br>v.<br><br>CHEVY CHASE BANK, a corporation,<br>BANK ONE, a corporation, and JANE<br>DOES 1-10 and JOHN DOES 1-10,<br>DOE CORPORATION 1-10, and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. CV01-00352 SPK/BMK<br><br><br>**MEMORANDUM IN SUPPORT OF<br>MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

## I.   INTRODUCTION

Plaintiff filed the instant action on May 25, 2001, alleging that Defendants violated the Fair Credit Reporting Act (FRCA), specifically, 15 U.S.C. section 1681s-2. Thereafter, the matter proceeded to trial and appeal which reserved and remanded the matter for a new trial.

After the litigation was returned to the District Court the Court set a status conference. Following the status conference on January 27, 2006, this court ordered a Third Amended Rule 16 Scheduling Order establishing litigation deadlines and setting case for trial on October 17, 2006. When Plaintiff's counsel advised the plaintiff of the new trial date he was advised that she had been diagnosed with cancer. (See the Declaration of Arnold Phillips, paragraph 3 )

Defendants filed a Motion for Summary Judgment on March 17, 2006. In preparation for the response to this motion the Plaintiff's counsel had difficulty contacting the plaintiff and when he was able to communicate with her he was told that she was undergoing treatment at the Mayo Clinic in Minnesota. (See the Declaration of Arnold Phillips, paragraph 3 )

The plaintiff has breast cancer has had an operation and is now under going aggressive chemotherapy. She has been at the Mayo Clinic since February. She began her first chemotherapy in March and it will extend

through April. She will undergo a second chemotherapy in May extending through June. After these treatment she will be on hercapitin for approximately ten months. (See the Declaration of Arnold Phillips, paragraph 4 )

She has been advised that she has a life and death condition and during the chemotherapy and herceptin treatments she will experience what has been called "chemo brain" where she will not be able to think clearly nor depend on her memory. (See the Declaration of Arnold Phillips, paragraph 5 )

She is not able to assist in the preparation of her case for trial nor will she be able to attend trial or testify until she has completed these treatments. Specifically on the outstanding motion for summary judgment she is not available for consultation or review nor able to participate in the construction and execution of any countervailing affidavits needed to challenge the concise statement of facts put forth by the defendants.

The plaintiff's counsel has been discussing obtaining the agreement of the parties to a continuance for some time and has been advised by defendants' counsel that a decision to agree to a continuance can not be made without decision of the issue by her client. In the last discussion defendant's counsel instructed plaintiff to file a motion.

## II.  AUTHORITIES & ARGUMENT

The decision to grant a motion to postpone the trial date is within the court's broad discretion. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991)

A district court's decision regarding a continuance is given great deference, "and will not be disturbed on appeal absent clear abuse of [the court's] discretion." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), amended, 764 F.2d 675 (9th Cir. 1985).    To meet this burden, the challenging party must meet a four part test, this test is stated in *Flynt*

> "First, we consider the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing. *See, e.g., United States v.Lustig,* 555 F.2d 737,  744 (9th Cir.), *cert. denied,* 434 U.S. 926, 98 S.Ct. 408, 54 L.Ed.2d 285 (1977), *cert. denied,*434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978); *United States v.Brandenfels,* 522 F.2d 1259, 1263 (9th Cir.), *cert. denied,*
>
> 423 U.S. 1033, 96 S.Ct. 564, 46 L.Ed.2d 406 (1975). Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. *See, e.g.,United States v. Hernandez,* 608 F.2d at 746 (9th Cir. 1979). Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. *See, e.g., United*

*States v. Shuey*, 541 F.2d 845, 847 (9th Cir. 1976), *cert. denied*, 429 U.S. 1092, 97 S.Ct. 1103, 51 L.Ed.2d 537 (1977); *United States v. Charnay*, 577 F.2d 81, 84 (9th Cir. 1978); *United States v. Cueto*, 611 F.2d 1056, 1060 (5th Cir. 1980). Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial. *See, e.g., United States v. Long*, 706 F.2d 1044, 1053 (9th Cir. 1983); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983); *Powell v. United States*, 420 F.2d 799, 801 (9th Cir. 1969); *Lustig*, 555 F.2d at 745, n.7. "

What is the result of applying the factors of this test to the instant case?

The facts show the diligence of the movant in seeking to have this case resolved by trial. The plaintiff has been to trial and prosecuted an appeal in her efforts to resolve the litigation.

There has been nothing that the plaintiff has not done in a timely and correct fashion during the years of this litigation. There can be no claim that the plaintiff has not diligently pursued this matter.

The second factor attempts to make a determination as to the usefulness of a continuance, if granted. In this situation the inability of the plaintiff to assist in her case preparation can only be addressed by a continuance to allow for her recovery. It is difficult to conceive of an

occurrence which would be more usefully be addressed by a continuance than the medical disability of a party.

The third factor assesses the inconvenience and prejudice of the parties if a continuance is granted. The plaintiff makes no claim of inconvenience or prejudice. In this situation whatever inconvenience or prejudice may exist or be alleged by the defendants should be severely discounted. The matter is back before this Court after an appeal which extended from April 2003 to November 2005. The continuance for a period to allow for the plaintiff to regain her health will not effect the defendants in any way distinguishable from the status of the matter while it was on appeal. The record is preserved by the transcript of the trial which would mitigate against any claim of prejudice to them.

Whatever negative results, if any, there may be from a resetting of the trial date and litigation deadlines is certainly overcome by the enormous benefit to the trial of this case that will be achieved by having a plaintiff who is physically, mentally and emotionally able to participate in a meaningful way in the prosecution and trial of her case.

## III.   CONCLUSION

Because of the critical and indispensable nature of the plaintiff's participation in her case. It is not logistically reasonable to expect the

plaintiff to be able to participate while she is undergoing her battle with this life-threatening condition.

In the interest of justice and taking into consideration the precedential factors from the case law and the circumstances of the present situation, the court should grant the request of the Plaintiff for a continuance and resetting of the trial date.

Based on the foregoing, Plaintiff respectfully requests this Honorable Court to grant his Motion to Continue and Reset Litigation Deadlines and Trial Date.

DATED:    Honolulu, Hawaii,  April 11, 2006.


Arnold T. Phillips II
Attorney for Plaintiff