Of Counsel:
CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

ROBERT E. CHAPMAN          #2679
rchapman@paclawteam.com
MARY MARTIN                #5475
mmartin@paclawteam.com
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone No.: (808) 535-8400
Facsimile No.: (808) 535-8444

Attorneys for Defendants
 CHEVY CHASE BANK and BANK ONE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. DEATON, | ) CIVIL NO. CV01-00352 |
| | ) SPK/BMK |
| Plaintiff, | ) |
| | ) DEFENDANTS' OPPOSITION TO |
| vs. | ) PLAINTIFF'S MOTION TO |
| | ) CONTINUE AND RESET |
| CHEVY CHASE BANK, a | ) LITIGATION DEADLINES AND |
| corporation, BANK ONE, a | ) TRIAL DATE; CERTIFICATE OF |
| corporation and JANE DOES | ) SERVICE |
| 1-10 and JOHN DOES 1-10, | ) |
| DOE CORPORATION 1-10, and | ) Hrg Date: April 27, 2006 |
| DOE GOVERNMENTAL ENTITIES | ) Hrg Time: 3:00 p.m. |
| 1-10, | ) Judge:   Barry M. Kurren |
| | ) |
| Defendants. | ) Trial Date: Oct. 17, 2006 |
| | ) |
| | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE
AND RESET LITIGATION DEADLINES AND TRIAL DATE**

COMES NOW DEFENDANTS CHEVY CHASE BANK and BANK ONE, by and through their attorneys, Clay Chapman Crumpton Iwamura & Pulice, and hereby state their opposition to Plaintiff's "Motion to Continue and Reset Litigation Deadlines and Trial Date", which motion was

filed herein on or about April 11, 2006.  The motion should be denied for the following reasons:

  1. The motion does not comply with LR 40.4, insofar as it does not demonstrate Plaintiff's request for the continuance.

  2. The motion, despite the perceived significance of Ms. Deaton's health issues, is based on hearsay; counsel's declaration admits that his knowledge is based solely on representations that he purportedly received by telephone, from his client.  Even if there were an issue of "chemo brain", which precluded Ms. Deaton from either assisting with the litigation – or from even demonstrating her personal request for a continuance of any litigation dates, that matter should be documented or verified by the affidavit of an attending physician.

  3. The motion is unclear as to the full extent of any continuance requested.  The caption addresses litigation deadlines and trial date, but there is a pending motion for summary judgment, briefly mentioned in the instant motion, which is neither a "deadline" nor a "trial date" - therefore the motion to continue does not appear to address Defendants' pending motion.  Insofar as the instant motion is intended to address the Defendants' pending summary judgment motion, it is not

timely made, nor does it give any basis why Plaintiff is is unable to respond to the pending motion, since it is based entirely upon trial testimony.

       4.   The timeliness of the instant motion is suspect; insofar as it seeks a continuance of the summary judgment motion, it should absolutely be denied.

       First, according to counsel's declaration, Ms. Deaton has been in treatment at Mayo Clinic since February — but on January 26, 2006, her counsel was willing to commit to a trial date, "as soon as possible." At that time, he committed to a trial date in October 2006. He also knew, at that time, that Defendants intended to file a summary judgment motion, and that the court set late March as the deadline to do so. However, it was not until April 5, 2006, after Defendants filed their motion for summary judgment, that Plaintiff's counsel first attempted to notify the Defendants that Ms. Deaton might want or need any continuance.

       If Plaintiff's counsel had been responsibly in contact with his client after the January conference, then he should have immediately notified the parties and the court of the purported seriousness of his client's condition, and the perceived need for a postponement of any dates. Given that the question of whether

Defendants would, or could, file a motion for summary judgment, was addressed at the conference on January 26, and the court imposed a deadline of March 27 by when Defendants could do so, it was incumbent on Plaintiff's counsel to notify the parties immediately upon learning of his client's condition.[1]  Instead, he waited until after Defendants filed their summary judgment motion, and now may be seeking an open-ended period of time in which to respond.  That is truly prejudicial.  Defendants worked to glean from the trial transcripts, all of which are in Plaintiff's counsel's possession, all relevant testimony for the pending summary judgment motion.  The majority of Defendants' Concise Statement is directly cited from Plaintiff's own testimony.[2]  Plaintiff's counsel should be able to oppose the motion, if there is any valid factual opposition, on the basis of trial testimony - there is no reason to postpone the pending motion.

---

[1] Indeed, it belies common sense to believe that Ms. Deaton would not have known, on January 26, 2006, of her condition, and/or pending admission to Mayo Clinic in February 2006.  That being the case, it appears that her counsel had not consulted with her prior to the status conference, a point which was an obligation on his part.

[2] See Concise Statement of Facts, filed herein on March 17, 2006, at ¶ 1 through ¶19.

**CONCLUSION**

For those reasons, Defendants request that the motion filed by Plaintiff's counsel be denied.

DATED: Honolulu, Hawaii, April 19, 2006.

                /s/ Mary Martin
                ROBERT E. CHAPMAN
                MARY MARTIN
                Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. DEATON, | ) CIVIL NO. CV01-00352 |
| | ) SPK/BMK |
| Plaintiff, | ) |
| | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| | ) |
| CHEVY CHASE BANK, a corporation, BANK ONE, a corporation and JANE DOES 1-10 and JOHN DOES 1-10, DOE CORPORATION 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, a copy of the foregoing document will be duly served upon the parties, at their last known address, as follows by depositing in the U.S. mail, postage prepaid.

    ARNOLD T. PHILLIPS, ESQ.
    1188 Bishop Street, Ste. 3003
    Honolulu, Hawaii 96813

    Attorney for Plaintiff

    DATED: Honolulu, Hawaii, April 19, 2006.


          /s/ Mary Martin
        ROBERT E. CHAPMAN
        MARY MARTIN
        Attorneys for Defendants

273072.1