ARNOLD T. PHILLIPS II #6640
1188 Bishop Street, Suite 3003
Honolulu, Hawaii 96813
Telephone: 808-528-3911
Facsimile: 808-528-5006
ATP@atphillips.com

Attorney for Plaintiff
LINDA D. DEATON

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. DEATON, | CIVIL NO. CV01-00352 SPK/BMK |
| Plaintiff, | **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE AND RESET LITIGATION DEADLINES AND TRIAL DATE** and |
| vs. | |
| | |
| CHEVY CHASE BANK, a corporation, BANK ONE, a corporation, and JANE DOES 1-10 and JOHN DOES 1-10, DOE CORPORATION 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, | **CERTIFICATE OF SERVICE** |
| | Date: April 28, 2006 |
| | Time: 3:00 p.m. |
| | Judge: Honorable Barry M. Kurren |
| Defendants. | Trial Date: October 17, 2006 |

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION MOTION TO CONTINUE AND RESET LITIGATION DEADLINES AND TRIAL DATE

COMES NOW Plaintiff LINDA D. DEATON, by and through her counsel of record, and hereby provides this Court with her Reply to the Defendants' Opposition to the motion to continue.

1

Defendants CHEVY CHASE BANK and BANK ONE filed their Opposition Memorandum, raising various issues.    Plaintiff addresses these arguments in turn.

The Defendants first argue that the motion does not comply with LR 40.4. Although the motion was obviously filed with the knowledge and consent of the Plaintiff who was the source of the information which provides the basis of the need for the continuance the Plaintiff has now signed a LR 40.0 consent and it will be filed by the hearing date.

Next the Defendants argue that the medical information should be verified by an affidavit. The Plaintiff will supply by the hearing date a letter from the physician which addresses the Plaintiff's condition and disability. If this is not sufficient then Plaintiff will make a request for additional time to obtain this additional evidence under *U.S. v. Rivera-Guerrero*, 426 F.3d 1130 (9th Cir. 2005)

Next, the Defendants state that they are unclear about the "full extent of any continuances" and express some confusion about the meaning of "deadline". Under the procedures of this district any due date for action in a proceeding would be a deadline. It is incredulous that the Defendants do not think that their pleading which triggered the need for the motion for a continuance is not to be included. It is the assistance of the Plaintiff in being able to help prepare and file

2

countervailing facts by her affidavit which the Plaintiff is being denied by her medical condition which created the need for the continuance.

Finally, the Defendants argue a position which they refer to in their first sentence of paragraph 4. as "timeliness". It fails to show any authority that would support a denial of a motion for continuance for "timelessness" in filing a motion for a continuance.

Defendants state that Plaintiff waited "until after the Defendants filed their summary judgment motion, and now may be seeking an open-ended period of time in which to respond. That is truly prejudicial."

This is the only statement of prejudice made by the Defendants. What they seem to actually complaining about is the preparation of the Defendants to produce the summary judgment motion. Of course, the insurmountable challenge which the Defendant has with this position is that they do not explain is how it is possible to know what assistance is needed from the Plaintiff until the allegations of the motion of summary judgment are known.

What is truly and meaningfully prejudicial it forcing a party to proceed when they are medically disabled.

In a recent 9th Circuit decision reversed on basis of the failure to grant a continuance because the health of the party requesting the continuance made assistance to counsel impossible  - *U.S. v. Rivera-Guerrero*, 426 F.3d 1130, (9th

3

Cir. 2005) - the Court reviewed the *United States v. Flynt*, 756 F.2d 1352(9th Cir. 1985) factors – diligence, need, inconvenience and prejudice - and concluded:

"None of the first three factors is ordinarily dispositive. The defendant must, however, establish the fourth — prejudice. *Id.* Here, our assessment of the *Flynt* factors reveals that at least three of them, including the prejudice factor, support reversal of the district court's order. ... "    *U.S. v. Rivera-Guerrero*, 426 F.3d 1130, 1139 (9th Cir. 2005)

It is difficult to conceive what condition or circumstance could be more prejudicial than the inability of a party to assist her counsel.

Based on the foregoing, there being no substance to the arguments raised by the Defendants Plaintiff respectfully requests this Honorable Court to grant his Motion to Continue and Reset Litigation Deadlines and Trial Date.

DATED:    Honolulu, Hawaii,  April 21, 2006.


                            /s/ Arnold Phillips
                            Arnold T. Phillips II
                            Attorney for Plaintiff

4

ARNOLD THIELENS PHILLIPS II, ESQ.
1188 Bishop Street, Suite 3003
Honolulu, Hawaii 96813
Telephone: 528.3911/fax 528.5006
ATP@atphillips.com

Attorney for Plaintiff
Linda Deaton

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. DEATON , | CIVIL NO.01-00352 SPK-BMK |
| Plaintiff, | |
| | **CERTIFICATE OF SERVICE** |
| vs. | |
| CHEVY CHASE BANK, a corporation, BANK ONE, a corporation; JANE DOES 1-10 and JOHN DOES 1-10, DOE CORPORATION 1-10; and DOE GOVERNMENTAL ENTITIES 1-10 | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2006, one copy of the pleading, PLAINTIFF'S REPLY MEMORANDUM was duly served upon the following at their last known address by hand delivering to the following address:

Ms. Mary Martin, Esq.
Stanton Clay Chapman Crumpton & Iwamura
700 Bishop Street Ste 2100
Honolulu, HI 96813

Attorneys for Defendants

DATED:  Honolulu, Hawaii, April 21, 2006

/s/ Arnold Phillips

_____
Arnold T. Phillips II
Attorney for the Plaintiff

2