IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. DEATON, | CIVIL NO. CV01-00352 SPK/BMK |
| Plaintiff, | |
| v. | DECLARATION OF LINDA D. DEATON |
| CHEVY CHASE BANK, a corporation, BANK ONE, a corporation, and JANE DOES 1-10 and JOHN DOES 1-10, DOE CORPORATION 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, | |
| Defendants. | |

## DECLARATION OF LINDA D. DEATON

LINDA D. DEATON declares as follows:

1. She is the plaintiff in the above-entitled action;

2. She makes this declaration on the basis of personal knowledge, unless otherwise indicated;

3. She applied for and used the credit card supplied by the Defendants. She understood that she was able to add additional users to her card issued by the Defendants. As permitted she requested and was issued a credit card in the name of Kamran Hariri by the Defendants. She never received any notification that the use of the card by Mr. Hariri was unauthorized or in any way restricted. She understood that the ability to have more than one card issued on the account was to encourage use of

the credit card account and that she was able to have any number of additional cards issued on this account to whomever she selected;

 4. She never received any notification from the Defendants which indicated that her use and the use of any users for which she requested cards on her account was restricted or unauthorized in any way;

 5. She is not aware of any application from the Defendants that was requested or required by Mr. Hariri;

 6. From the date that the Defendants errors on the processing of the credit card was discovered she wrote letters, faxed communications, had telephone contact with the Defendants and their agents and representatives consistently and diligently from the time that the Defendants' errors were discovered until sometime after this lawsuit was filed;

 7. She obtained evidence from the merchants whose charges were corrupted by the Defendants and supplied this evidence to the Defendants and their agents on more that than one occasion since the Defendants commission of the errors. The Defendants have never challenged the statements which she obtained from the merchants indicating that the errors in the charges were made by the Defendants;

 8. Without any challenge to the accuracy of the statements from the merchants involved that the errors made on the account were errors made by the Defendants and having United States Postal Service receipts establishing that the Defendants received copies of all the merchants' statement she relied on the

Defendants to take whatever action was necessary, or to take no action if they so desired, to protect the accuracy of her accounts with the Defendants;

9. The actions of the Defendants in not being able to correct the errors which they made on the account of the Plaintiff caused the Plaintiff to incur statutory damages, economic damages, aggravation, distress, fear, anxiety, emotional and mental distress, in addition to her failure to qualify for a loan interest rate which was low enough to make a real estate purchase feasible;

10. There were no items on Plaintiff's credit report when she applied for the loan to purchase real estate which were comparable to the derogatory effect on her creditworthiness and ability to obtain credit as the Defendants statement that she had a debt with them for over $7,000.00 which had been "charged off" which the Plaintiff understands to mean that it was a valid debt which was owned, not paid, and taken as a loss by the Defendants;

11. The Defendants had notice of the instant lawsuit and their errors in the handling of the Plaintiff's account within the seven years. This information was provided to them in the Patenaude litigation and in the instant litigation. The Defendants destroyed the evidence of the details on the Plaintiff's account after they knew that it was being contested as in error. They knew that the actual account records would be the best evidence of the Defendants handling of the account when they destroyed the records;

12. If the error amount is figured with late fees and other account maintenance charges from the date when the Plaintiff refused to pay the erroneous amounts the figure of $7404.31 which is the amount which the Defendants claimed was due when the account was charged off as an unpaid and uncollectible debt;

13. In 2002 after both the instant and the Patenaude federal lawsuits over the Defendants errors – in each proceeding copies of the proof of the Defendants' errors having been provided and never having been challenged as inaccurate – the Defendants reported, after claiming to have conducted an investigation, that the charge off of a bad debt was correct and they still reported this as an adverse item on the Plaintiff's credit report;

14. Declarant makes this declaration under penalty of perjury and states that the matters attested to herein is to the best of his knowledge and belief.

DATED: Honolulu, Hawaii, _____June 9_____, 2007.

*Linda D Deaton*
LINDA D. DEATON

# VERIFICATION

STATE OF MINNESOTA )
  ) ss.
COUNTY OF )

Linda Deaton, being first duly sworn on oath, deposes and says that she has diligently reviewed and prepared the declaration and affidavit responses are true and complete to the best of her personal knowledge and belief.

_____
Linda Deaton

Subscribed and sworn to before me, this 4th day of June, 2006.

_____
Notary Public, State of Minnesota



MARY M. MCALISTER
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

My commission expires: 1/31/2010