IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LINDA D. DEATON, | ) | CIV. NO. 01-00352 SPK/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHEVY CHASE BANK, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW)

Defendants Chevy Chase Bank and Bank One have filed a Motion for Summary Judgment after this matter was remanded from the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed the Court's prior grant of summary judgment in favor of Defendants on state law claims, but reversed and remanded "for a determination on the merits" [Memorandum Disposition, at 3] of Plaintiff Linda Deaton's claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681p et seq. ("FCRA"). Given the procedural history of this case, the Court construes Defendants' Motion for Summary Judgment as a Renewed Motion for Judgment as

a Matter of Law under Fed. R. Civ. P. 50, and hereby GRANTS the motion.[1]

Judgment shall issue in favor of Defendants.

I.

The Court held a jury trial in this case in April of 2003. After a jury verdict in favor of Defendants, the matter was appealed to the Ninth Circuit Court of Appeals. On November 28, 2005, the Ninth Circuit reversed and remanded as to federal claims under the FCRA. Thereafter, Defendants filed the present motion in March of 2006. The matter was continued to allow Plaintiff an appropriate opportunity to respond. The Court has found the matter suitable for decision under Local Rule 7.2(d) without a further oral hearing. Although the Court has now completely reviewed the entire record -- including the trial transcripts and prior motions -- the Court need not repeat all the factual and procedural history of this protracted case. The parties are familiar with the large record and its procedural

---

[1] This is a procedural matter only. The standards for adjudicating motions for summary judgment and judgment as a matter of law are identical. See Hopkins v. Dow Corning Corp., 33 F.3d 1116, 1121 (9th Cir. 1994) ("[t]he standard for granting a summary judgment is equivalent to the standard for granting a judgment as a matter of law under Fed. R. Civ. P. 50") (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "A [judgment as a matter of law] is proper when the evidence permits only one reasonable conclusion. 'The evidence must be viewed in the light most favorable to the nonmoving party' and 'all reasonable inferences must be drawn in favor of that party.'" Amarel v. Connell, 102 F.3d 1494, 1517-18 (9th Cir. 1997) (citation omitted).

history; the Court sets forth details here only as necessary to explain its ruling.

II.

At trial, the Jury's special verdict form began with a question "Did Plaintiff prove by a preponderance of the evidence that she instituted this suit within two years from when the liability arose?" [CR V. 8, doc. 232, at 2]. Because the Jury answered the question "no," it did not need to answer the balance of the special verdict form because, given the time-bar, Plaintiff did not qualify for relief under the FCRA in any event. The balance of the special verdict form asked questions relating to the merits of the suit, i.e., whether Plaintiff met her burden to prove elements of the FCRA and, in particular, whether the Defendants' statutory duties to perform a "reinvestigation" were triggered by a proper "notification" from a "consumer reporting agency." The form also went on to ask, if those threshold requirements were met, whether Defendants performed a proper reinvestigation, whether they were negligent or willful in such performance, whether Plaintiff herself was contributorily negligent, and what damages would be appropriate. The Jury did not reach any of the questions on the merits, given its finding on the first question.

On appeal, the Ninth Circuit found the Jury's verdict regarding whether Plaintiff filed her complaint within two years from the date "on which the liability

arose" to have been against the great weight of the evidence; the Ninth Circuit found her claims timely because she had notified the Credit Bureau of the Pacific of the dispute on or about August 13, 1999, and Equifax and TransUnion on or about January 27, 2002. Both dates were within two years of when she filed her initial complaint, and thus the complaint necessarily was timely.

However, Defendants' duty to investigate as a "furnisher of information" under the FCRA is triggered only after a <u>credit reporting agency</u> ("CRA") notifies the Defendants. <u>See</u> <u>Nelson v. Chase Manhattan Mortgage Corp.</u>, 282 F.3d 1057, 1060 (9th Cir. 2002); 15 U.S.C. § 1681i(a)(2)(A). The earliest dates on which the two-year statute of limitations could have run (i.e., when a CRA <u>could</u> have "notified" Defendants so as to trigger "reinvestigation" duties) were necessarily within two years of suit. Notably, the Ninth Circuit did not hold that a CRA had actually provided notice sufficient to trigger FCRA duties; it only held that the suit was timely because, under its interpretation of the interplay between the Fair Credit Billing Act and the FCRA, the suit necessarily was timely because the Defendants' duty could only have begun to run (if it did) within two years of suit. As for the merits, it reasoned that "The jury did not reach the merits because it found Deaton's claims were time-barred. The case must be remanded to the district court for a determination on the merits." [Memorandum Disposition, at 5].

In retrospect, it may have been better to allow the Jury to have answered the balance of the questions. It would probably have obviated the need for a remand. Nevertheless, having now reviewed the entire trial record in detail, the Court is convinced that the Jury would have had to have answered most, if not all, the remaining questions in favor of Defendants.

There is no evidence such that the Jury could have found that Plaintiff proved that the proper procedures under the FCRA were followed so as to have triggered a reinvestigation by Defendants, nor that Defendants -- as a "furnisher of information" -- received notice in 1999 <u>from a CRA</u> sufficient to have triggered duties under the FCRA. <u>See</u> 15 U.S.C. §§ 1681i(a)(1)(A), 1681i(a)(2)(A), 1681li(a)(6) and 1681i(d). At most, there is evidence regarding contacts with Credit Bureau of the Pacific in 1999, but there is no evidence regarding notice to the Defendants from a CRA. [E.g. Tr. 4/17/03, at 4-27]. The First USA notes did not show an entry, nor did Plaintiff's Exhibits 103 or 104. [Tr. 7/18/03, at 10-14].

Moreover, even assuming a CRA had to have provided sufficient notice in 1999, there is no evidence in the trial record for a Jury to have concluded that the Defendants did not correct any error. This would be so both for the 1999 and 2002 time periods. The $7,854 had been charged off and, in March 2002, Defendants removed the credit remarks from the national CRA's. [Tr. 4/17/03, at 26; 4/18/03,

5

at 20-25].

The Court is also convinced -- again, having reviewed all the evidence (or lack thereof) in the trial record -- that no reasonable Jury could find that Plaintiff suffered any "actual damages" from a "negligent" or "willful" failure to comply with the FCRA's requirements. There was certainly no evidence of "willfulness" and thus no basis for punitive damages. The Mid-Pac mortgage loan documents did not contain any information regarding the "write-off," and any unsatisfactory loan terms (assuming Plaintiff rejected the loan because of its terms) were the result of unrelated credit items such as a tax lien that had nothing to do with Defendants. [Tr. 4/17/03, at 4-15]. A Jury would have had to have found that there was no evidence that Plaintiff was ever denied credit or a loan or otherwise damaged due to "write-offs" by Defendants or otherwise by an FCRA violation. A Jury could not have found "actual damages." (Assuming emotional distress is a potential damage, and assuming Plaintiff suffered emotional distress from the long-running dispute, any such distress would not have been a result of a violation of the FCRA by the Defendants.)

The Court is also convinced that the great weight of the evidence is that, even assuming the Defendants were found to have been "negligent," a Jury would have had to have found that Plaintiff was contributorily negligent in such a degree

that Defendants would not have been responsible for actual damages. She allowed Mr. Hariri full and unfettered use and responsibility of the credit card (knowing he was a judgment creditor), she ignored a remedy of adding a statement to her credit report, and failed for several years to attempt to correct billing errors from 1993.

III.

Having reviewed the trial record in its entirety, the Court finds the standards have been met for entering judgment as a matter of law in favor of Defendants. Viewing the evidence in the light most favorable to Plaintiff and drawing reasonable inferences in her favor, the Court concludes that judgment should enter in favor of Defendants. Whether construed as a renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50, or as a motion for summary judgment, Defendants' Motion is GRANTED.

IT IS SO ORDERED.

DATED: September 20, 2006.



_____
Samuel P. King
Senior United States District Judge